**UNITED STATES, Appellee,**

v.

**James E. BURNS, Jr., Private First Class, U. S. Marine Corps, Appellant.**

No. 31,768.
NCM 75–2631.

U. S. Court of Military Appeals.

Dec. 16, 1976.

---

*Captain Eugene A. Ritti,* USMCR, and *Lieutenant J. R. Cliffe,* JAGC, USNR, were on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Steven D. Moore,* JAGC, USNR, were on the pleadings for Appellee, United States.

Opinion of the Court

COOK, Judge:

The accused was convicted by a special court-martial of various offenses in violation of the Uniform Code of Military Justice. We granted review to consider two questions raised by appellate defense counsel.

■ Counsel's first contention is that the post-trial review by the staff judge advocate for the supervisory general court-martial authority was prejudicially incomplete because it did not refer to a post-trial letter by the military judge, in which the judge indicated that he perceived a "discrepancy of significant degree" between the convening authority's signature on the reference to trial of the original charges and that appearing on the reference to trial of the additional charge. Counsel view the trial judge's remark as suggestive of "forgery" of one or the other of the references to trial, which demanded discussion by the staff judge advocate in his review. However, there is substantial evidence to indi-

cate that, before acting on the case, the convening authority responded to an inquiry about the matter from the review chief of the staff judge advocate's office by certifying that the signatures were his. If this certification is insufficient to remove all doubt as to the authenticity of both references to trial, and, thereby justify omission of comment on the matter as an "irregularity" in the proceedings that might affect the supervisory authority in his action on the case, then the unchallenged sworn statement by the convening authority, confirming that he personally signed each order of reference on the date of that order, which has been filed in connection with the appeal, establishes the genuineness of the references to trial beyond all doubt. In these circumstances, a formal inquiry into the matter of the kind sought by appellate defense counsel is unwarranted. *See United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

In his second assignment of error, the accused contends that he was denied a speedy review of his conviction by the convening and supervisory authorities. Trial was concluded on June 13, 1974. The convening authority acted on the record on September 20, 99 days after trial. The supervisory authority affirmed the conviction on September 3, 1975. Action by the convening authority more than 90 days after completion of trial is presumably prejudicial to the accused, but the presumption is operative only when the accused has been continuously in post-conviction confinement. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). Here, the accused was released from confinement less than 90 days after trial, and was placed on "appellate leave" to enable him to return to the civilian community. Reviewing the circumstances of the delay unaided by the *Dunlap* presumption and in light of the absence of any error in the trial proceedings that requires correction, we are convinced that the accused was not prejudiced in any substantial right. *United States v. Jefferson*, 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973); *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973).

The decision of the United States Navy Court of Military Review is affirmed.

PERRY, Judge (concurring):

I, too, am vexed by the alarming, unexplained delay of 447 days between the completion of the appellant's trial and the action taken on the record thereof by the supervisory authority. It is incumbent upon all those who perform in critical roles in the administration of our judicial system to be aware of their responsibilities both to the system and to the individual military accused and to discharge those obligations as efficiently as possible. *See* Article 98, Uniform Code of Military Justice, 10 U.S.C. § 898. In this case, there is no reason either apparent or proffered for this inordinate delay.

Were this inattention to become a pattern, either with this particular commander or with the service generally, I would unhesitatingly join with our dissenting colleague in applying the drastic remedial step he now suggests. For the present, however, I believe that the standard found in the precedent of this Court [1] for situations not invoking *Dunlap*,[2] is fully adequate to meet the ends of justice in the interests of society and from the viewpoint of the accused.

FLETCHER, Chief Judge (dissenting):

Although I concur with the conclusion of the majority as to the appellant's first contention, I must dissent from its reasoning and conclusion as to the post-trial delay.

The trial was concluded on June 13, 1974; on September 20, 1974, 99 days later, the convening authority acted; and finally, on September 3, 1975, the supervisory authori-

1. *United States v. Jefferson*, 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973); *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

2. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

ty took his action affirming the sentence. Judge Cook is correct when he concludes that the *Dunlap*[1] standard does not apply to this otherwise unexplained 447-day delay because the appellant was not in continuous confinement after trial for over 90 days.[2]

I recognize the precedent of the Court that the length of the post-trial delay alone does not entitle an accused to the remedy of dismissal. The Court has held, with reservations,[3] that unless the appellant can demonstrate an error requiring a rehearing, and that he will be prejudiced in the presentation of his case on rehearing due to this delay or that no useful purpose would be served in further prolonging the proceedings, the conviction will be affirmed. *United States v. Jefferson*, 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973); *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973). Under the facts of this case, I feel the sanctioning by the Court of an unexplained, unjustified and unwarranted 447-day delay defeats the Congressional mandate for appellate review under the Uniform Code of Military Justice. I believe the remedy of dismissal is necessary to demonstrate the Court will not always permit the Government to delay the post-trial review of a case with impunity. Delays such as are present in this case only serve to thwart the total military justice system.[4]

I would reverse the United States Navy Court of Military Review and order the findings and sentence set aside and the charges dismissed.

1. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

2. I adhere to my reservations expressed in *United States v. Ledbetter*, 2 M.J. 37 (1976), that simply releasing an individual from confinement should not defeat the very real and underlying need for *Dunlap*—this Court's obligation to assure that the military justice system operates both fairly and efficiently. I, therefore, cannot regard the fact that the appellant served only 78 days of his adjudged 100-day sentence as dispositive of the issue.

3. *See, e. g.*, Judge Ferguson's dissent in *United States v. Prater*, 20 U.S.C.M.A. 339, 343, 43 C.M.R. 179, 183 (1971) and Judge Quinn's dissent in *United States v. Timmons*, 22 U.S.C.M.A. 226, 229, 46 C.M.R. 226, 229 (1973).

4. *See United States v. Ward*, 48 C.M.R. 554 (C.G.C.M.R.1974), where the court concluded that certain days were so intolerable as to make a "mockery of the appellate review process provided for under the Uniform Code of Military Justice," and thereby require the remedy of dismissal as being violative of due process.