## UNITED STATES

### v.

### Airman Richard S. DeLELLO, FR 401–96–0919 United States Air Force.

### ACM S24824.

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 May 1979.

Decided 4 March 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Neil S. Richman, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

### DECISION

ARROWOOD, Judge:

The accused was found guilty by a special court-martial of carnal knowledge and adultery in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934.

Appellate defense counsel contend that the military judge erred to the substantial prejudice of the accused when he instructed the members that evidence of the accused's uncharged misconduct could be considered for the limited purpose of impeaching his credibility.

The only element of the offenses in dispute was whether the accused had sexual intercourse with a 13 year old dependent of a military member. The accused admitted that he was in his barracks room with her at the time the act was alleged to have occurred, but claimed he was successful in warding off her advances. During cross-examination he was asked if he had ever before had intercourse with a female under 16 years of age who was not his wife. He answered that he had intercourse with his wife prior to their marriage and that she was only 14 years of age at the time. The military judge instructed the court members that this evidence of uncharged misconduct was admitted only for the limited purpose of impeaching the credibility of the accused.

The Manual for Courts-Martial, 1969 (Rev.), paragraph 138g, lists circumstances when evidence of other acts of misconduct by the accused are admissible. It also states:

Evidence that the accused *has committed* other offenses or acts of misconduct not amounting to proof of conviction thereof is not admissible, on cross-examination of the accused or otherwise, merely to impeach his credibility as a witness; but if that evidence is in rebuttal of evidence introduced by the defense that other offenses or acts of misconduct were not committed or is for some other reason admissible independently of impeachment it will also be admissible to impeach the accused's credibility as a witness, provided it has a tendency to do so.

It is abundantly clear that military law forbids the impeachment of an accused by introducing specific acts of misconduct not resulting in a conviction of a felony or crime of moral turpitude. *United States v. Domenech* 18 U.S.C.M.A. 314, 40 C.M.R. 26 (1969); *United States v. Miller*, 14 U.S.C. M.A. 412, 34 C.M.R. 192 (1964); *United States v. Kindler*, 14 U.S.C.M.A. 394, 34 C.M.R. 174 (1964); *United States v. Robertson*, 14 U.S.C.M.A. 328, 34 C.M.R. 108 (1963); MCM, 1969 (Rev.), paragraph 153b (2)(b).

Since evidence of uncharged misconduct has a very great impact and could easily influence the members as to the guilt or innocence of an accused, it is required that when such evidence is permitted, the military judge must, *sua sponte*, instruct the court as to its limited use. *United States v. Grunden*, 2 M.J. 116 (C.M.A.1977); *United States v. Graves*, 1 M.J. 50 (C.M.A. 1975).

Erroneous admission into evidence of testimony of uncharged misconduct or an erroneous instruction as to the limits of the consideration the court members can give such testimony is prejudicial to the accused if there is a fair risk that the testimony influenced the verdict. *United States v. Woolery*, 5 M.J. 31 (C.M.A.1978); *United States v. Gaiter*, 1 M.J. 54 (C.M.A.1975); *United States v. Daniels*, 3 M.J. 982 (A.F.C. M.R.1977).

The unrelated act of uncharged misconduct testified to by the accused does not fall under any of the circumstances listed in MCM, 1969 (Rev.), paragraph 138g. The military judge, in limiting the consideration of the evidence to the accused's credibility, no doubt believed the uncharged misconduct was in rebuttal of evidence introduced by the defense that similar acts of misconduct were not committed by the accused. However, we are unable to find any evidence offered by the defense that would have allowed the admission of the prior misconduct as rebuttal. The instruction permitting consideration of the uncharged misconduct for impeachment of the accused's credibility was erroneous. This evidence had no legitimate probative value as to the charged offenses and the military judge erred in failing to exclude it completely from the court members' consideration. *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977).

Left to be resolved is whether there is a fair risk that the accused was prejudiced by the military judge's error. Here the uncharged misconduct was of the same kind as that for which he was on trial and in such a situation the potential for prejudice is great. *United States v. Woolery*,

*supra; United States v. Hubert,* 6 M.J. 887 (A.C.M.R.1979). The crucial issue to the defense was whether the court members believed the accused's testimony or that of the young military dependent. The instruction to the court members, that they should consider this evidence as to that issue alone, heightened the potential for prejudice. Evaluating the remaining evidence in light of the error, we find that there is a fair risk that the accused was prejudiced thereby. Therefore, the findings of guilty are set aside.

 It is noted that the initial action of the supervisory authority on this case was 128 days after the convening authority's action and no suitable explanation was given for the extremely long delay. In fact, the record reveals that the accused had completed his three months' confinement even before the clemency interview was held. Even though an accused is not in confinement during the review of his case, he should not be deprived of the right to have his case reviewed and action taken within a reasonable time. See *United States v. Banks,* 7 M.J. 92 (C.M.A.1979); *Dunlap v. Convening Authority,* 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974). Therefore, in the interest of justice we also order the charges dismissed.

HERMAN, Senior Judge, and MILES, Judge, concur.