**UNITED STATES**

v.

**William R. GAUVIN, 002 46 7083, Mess Management Specialist Third Class (E-4) U. S. Navy.**

**NMCM 80 1297.**

U. S. Navy-Marine Corps Court of Military Review.

Sentenced Adjudged 27 Aug. 1979.

Decided 2 Oct. 1981.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, ABERNATHY and KERCHEVAL, JJ.

KERCHEVAL, Judge:

Appellant was tried by special court-martial comprised of military judge sitting alone on 23 and 27 August 1979 for violating Articles 86, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 934. Contrary to his pleas appellant was found guilty of all charges and specifications, except that he was found guilty of a shorter period of unauthorized absence than was alleged. Appellant was sentenced to be confined at hard labor for 4 months, to forfeit $100.00 pay per month for 6 months, to be reduced to pay grade E–1, and to be discharged from the Naval service with a bad-conduct discharge. The convening authority approved the sentence on 6 November 1979. On 27 March 1980, the supervisory authority approved the sentence; however, he suspended that portion of the sentence extending to a bad-conduct discharge for one year from the date of the action.

Appellant has assigned the following errors for our consideration:

## I

WHETHER THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE MOTION TO SUPPRESS ALL EVIDENCE FOUND DURING AND SUB-

SEQUENT TO THE SEARCH OF THE ACCUSED'S LAUNDRY BAG ON 9 AUGUST 1979 ON BOARD THE USS CAPODANNO (FF 1093) (citations omitted)?

SUPPLEMENTAL ASSIGNMENT

THE GOVERNMENT DESERVED TO BE PENALIZED WHERE THERE HAS BEEN AN UNREASONABLE AND DEPLORABLE DELAY DURING THE POST–TRIAL REVIEW OF HIS COURT–MARTIAL (citations omitted).

We do not concur in the assignments of error, and we affirm.

I

On 9 August 1979, appellant returned to his duty station aboard U.S.S. *Capodanno* (FF–1093). When appellant came on board, the quarterdeck watch officer, pursuant to his orders to search all packages being brought on board, attempted to search appellant's laundry bag. When instructed to open his bag appellant threw it overboard. Once the bag was retrieved, it was found to contain ten bags of marijuana.

During the trial appellant attempted to suppress the admission into evidence of the ten bags of marijuana found in his laundry bag. He contended that the ship's instruction regarding authorization to search packages being brought on board was too vague, leaving the watch officer too much discretion as to which items were to be searched. This contention was based upon the language of the instruction which states in pertinent part that "[t]he officer of the day shall routinely and systematically check packages carried aboard or off the ship." Appellant's brief at 4. Additionally, the instruction contains an Appendix C which provides that the quarterdeck watch officer will "[e]nsure *all* packages carried on board the ship are searched." Government's brief at 3 (emphasis added). The watch officer who conducted the search in question testified at trial that he followed this instruction by searching all such packages except those carried on by the ship's commanding officer, first class mail, and ship's supplies, all of which were excluded from search by the instruction.

We find no merit in appellant's contention that the instruction is unconstitutionally vague. We note, however, that this case presents a question of first impression before this Court, to wit: whether, in the absence of consent or probable cause, it is permissible to conduct a search of personnel or their property as they board a Navy ship in a domestic port. We hold that such a search, in which the person conducting the search exercises no discretion, is valid and the evidence discovered pursuant to the search is admissible at trial.

In *United States v. Harris*, 5 M.J. 44 (C.M.A.1978), the Court of Military Appeals held that gate searches, made without probable cause at military installations within the boundaries of the United States, are permissible to deter persons from introducing contraband onto the installations. The Court went on to require that the individuals conducting such searches should have no discretion. The Court then explained what it meant by no discretion:

This contemplates a completely independent determination of times when the searches will be conducted, the method of selecting the vehicles to be stopped, the location of the operation, and the procedure to be followed in the event something is discovered (footnotes omitted).

*Id.* at 65.

This approach to the problem of discretion was taken to ensure the least possible intrusion into the constitutionally protected rights of any person being searched. It is established that the authorization of random searches of persons or their property while entering a United States military installation overseas does not violate the Fourth Amendment to the United States Constitution. *United States v. Rivera*, 4 M.J. 215 (C.M.A.1978). Such searches have been equated to border searches. *Id.* at 216. A person or his property may also be searched without probable cause while coming aboard a Navy ship docked in a foreign port. *See United States v. Giardina*, 8 M.J. 534 (N.C.M.R. 1979).

Although not in effect when the case *sub judice* was decided, Rule 314(c) of the Military Rules of Evidence (MRE) also specifically provides that searches of persons or their property may be conducted without probable cause at entry points of United States military installations on foreign soil and on United States vessels in foreign or international waters. Even though the rule does not refer to ships in domestic ports it does not attempt to preclude searches of persons coming aboard such ships. Rule 314(k), MRE, states that searches not provided for in this rule may be conducted without probable cause when permissible under the United States Constitution.

At the time appellant was searched the *Capodanno* was located in a United States port. Neither the newly enacted Military Rules of Evidence nor *Harris* specifically addresses this situation, but the rationale of *Harris* and the intent behind Rule 314(c), MRE, require that such searches be permitted without probable cause or consent on vessels in domestic ports. Rule 314(c) is concerned with the security, military fitness, and good order and discipline of the command. In *Harris* the Court also emphasized these areas and showed specific concern with drug problems on military installations.

The need to keep drugs off Navy vessels is certainly as great as the need to keep them off military shore installations. In addition, the need to maintain security, military fitness, and good order and discipline is perhaps more important on a ship than it is on a military installation, whether that ship is in a United States port or in foreign or international waters. Therefore, searches of personnel and their property as they come aboard any Navy vessel, regardless of its location, should also be permissible without probable cause as long as the person conducting the search has no discretion as to how he will conduct it.

There is no evidence that the watch officer in the instant case had any discretion whatsoever in this area; he was simply ordered to search every package brought aboard the ship with the limited exceptions noted above. He had no input into deciding who was searched, the times the searches were conducted, the location of the searches, or the procedures to be followed if something were discovered. Therefore, the requirements of *Harris* were clearly met.

## SUPPLEMENTAL ASSIGNMENT

■ Between appellant's trial and the supervisory authority's action there was a delay of 227 days. Appellant spent 87 of those days in post-trial confinement. Appellant's assertion that the delay was unreasonable and deplorable is without merit. We also summarily reject appellant's contention that the Government should be penalized for delay while the case was pending before this Court.

In the present case there were several factors justifying delay of the supervisory authority's action. First, the record was lengthy and contained several exhibits and classified material requiring special handling. In addition, the court-martial and convening authority were in Newport, Rhode Island and the supervisory authority was in Naples, Italy. The case was further complicated by a petition for clemency and a motion to suppress evidence at trial.

■ Even if the delay in review was unreasonable, appellant should have shown that in some way the delay was prejudicial to him. *United States v. Banks*, 7 M.J. 92 (C.M.A. 1979). Without evidence of prejudice to the appellant, the Court of Military Appeals and this Court have failed to dismiss the charges even in cases in which the lengthy delay between the trial and the supervisory authority's action has been totally unexplained. *United States v. Burns*, 2 M.J. 78 (C.M.A. 1976) (unexplained delay of 447 days); *United States v. Ellis*, 2 M.J. 616 (N.C.M.R. 1977) (unexplained delay of 314 days).

Accordingly, the findings of guilty and sentence approved below are affirmed.

Senior Judge BAUM and Judge ABERNATHY concur.