**UNITED STATES**

v.

**David A. SUTTON, 294 64 3993, Storekeeper Seaman (E–3), U. S. Navy.**

**NMCM 81 1944.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 Dec. 1979.

Decided 30 Oct. 1981.

CDR Walter J. Landen, Sr., JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before BAUM, ABERNATHY and MICHAEL, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

MICHAEL, Judge (concurring):

Appellant was tried before a special court-martial, military judge alone, at U. S. Naval Support Activity, Naples, Italy, on 29 December 1979. In accordance with his pleas, the appellant was convicted of two specifications of unauthorized absence between 15 May 1979 and 7 August 1979, and between 7 August 1979 and 27 September 1979, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.

Appellant was sentenced to confinement at hard labor for 75 days, forfeitures of $275.00 pay per month for three months, reduction to pay grade E–1, and a bad-conduct discharge. On 6 January 1980, the convening authority approved the sentence, suspending forfeitures in excess of seventy-five days for a period of twelve months from the date of trial. On 15 December 1980, the supervisory authority approved the sentence as partially suspended.

Appellant has assigned one error before this Court:

THE RECORD, WHICH ENCOMPASSES 22 PAGES PLUS EXHIBITS, SHOWS APPELLANT WAS TRIED ON 29 DECEMBER 1979 AND THAT THE RECORD OF TRIAL WAS RECEIVED IN THE OFFICE OF THE JUDGE ADVOCATE GENERAL OF THE NAVY FOR REVIEW BY THIS HONORABLE COURT PURSUANT TO ARTICLE 65(b) UNIFORM CODE OF MILITARY JUSTICE ON 10 MARCH 1981. THE LONG DELAY APPELLANT HAS BEEN SUBJECTED TO IS BOTH UNREASONABLE AND DEPLORABLE AND JUSTICE REQUIRES THE DISAPPROVAL OF HIS PUNITIVE DISCHARGE. *UNITED STATES V. BANKS*, 7 M.J. 92 (C.M.A.1979); *UNITED STATES V. GRAY*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); *UNITED STATES V. TIMMONS*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973); *UNITED STATES V. WARD*, 48 C.M.R. [588] 589 (C.G.C.M.R.1974). IN SPITE OF THE FACT THAT APPELLANT WAS NOT IN CONTINUOUS CONFINEMENT, THE CONSIDERABLE WAIT TO LEARN WHETHER HIS BCD WILL BE AFFIRMED HAS DEPRIVED APPELLANT OF HIS RIGHT TO HAVE HIS CASE REVIEWED AND ACTION TAKEN WITHIN A REASONABLE TIME. *UNITED STATES V. DELELLO*, 8 M.J. 777 (A.F.C.M.R.1980).

In urging a finding of prejudice as a result of this delay, appellant asks that we dismiss the charges. Although we decline to grant the relief sought, I am constrained, nevertheless, to comment on the excessiveness of the delay in the review of this case by the supervisory authority.

As recited above, appellant was tried on 29 December 1979; the convening authority's action followed in a timely manner on 6 January 1980. The chronology sheet reflects that the record of trial was received by the supervisory authority on 28 January 1980. His action followed on 15 December 1980—a delay of 321 days.[1] A special court-martial order promulgating the supervisory authority's approval of the sentence was not issued until 10 February 1981. Neither the record of trial nor any accompanying document reveals the reason for this deplorably protracted post-trial process.

Subsequent to the Court of Military Appeals decision in *United States v. Banks*, 7 M.J. 92 (C.M.A.1979), applications for relief because of post-trial delay are to be tested for prejudice. In so ruling, the Court of Military Appeals relaxed the strict application of its decision in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), as extended by *United States v. Brewer*, 1 M.J. 233 (C.M.A.1975), which required completion of post-trial review by the general court-martial (or supervisory) authority within 90 days of trial if the accused was in continuous post-trial confinement. The well intended rule of *Dunlap* was often onerous in its application, particularly in instances of a lengthy trial record. Its inflexible invocation resulted in the dismissal of charges without regard to actual prejudice to the accused. *Bouler v. United States*, 1 M.J. 299 (C.M.A.1976); *United States v. Larsen*, 1 M.J. 300 (C.M.A. 1975). Relaxation of the *Dunlap* rule in the *Banks* decision was doubtlessly greeted with paeans of gratitude by harried staff judge advocates who had been haunted by the fear of not "getting in under the wire."

---

1. The Staff Judge Advocate's review (dated 3 November 1980) did not note any errors in the trial.

Despite its more realistic approach, however, *Banks* does not confer on reviewing authorities a license for undue delay in the disposition of courts-martial, even where prejudice to the appellant does not exist. Delay such as in this case is the stuff out of which inflexible rules have been made—and could be made in the future. *See United States v. Ellis*, 2 M.J. 616 (N.C.M.R.1977). Diligence at all levels is mandatory in the speedy disposition of charges under the Uniform Code of Military Justice.

Despite my objection to this excessive and deplorable delay, the test to be applied in the instant case is that of *Banks, i. e.* prejudice to the appellant. Finding none, I would deny the requested relief. *Cf. United States v. De Lello*, 8 M.J. 777 (A.F.C.M. R.1980).