UNITED STATES

v.

**Donald John POWIS, 265 39 6790, Private (E–1), U. S. Marine Corps.**

**NMCM 78 1112.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 April 1978.

Decided 30 Oct. 1981.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

CEDARBURG, Chief Judge:

Appellant, convicted by a general court-martial, military judge alone, asserts several errors for our consideration, of which the following two warrant discussion:[1]

## I

THE RECORD OF TRIAL IS NOT A VERBATIM RECORD OF THE ENTIRE PROCEEDINGS.

## VII

THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY DISPOSITION OF HIS CASE.

a. The 300-day delay by the convening authority in taking his action following the remand of the case by this Court, is a presumptive violation of appellant's right to a speedy disposition of his case mandating dismissal of the charges. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

b. Appellant has demonstrated prejudice as a result of the denial of his right to a speedy disposition of his case, mandating dismissal of the charges. *United States v. Banks*, 7 M.J. 92 (CMA 1979).

## I

Appellant first contends that the substitution of Prosecution Exhibit 20 with the following descriptive language renders the record of trial nonverbatim: "1 photo enlargement of Prosecution Exhibit 11, and 1 photo enlargement of Prosecution Exhibit 19 with 12 points of comparison indicated on each photo." We find no merit in this assertion.

As indicated by the above description, Prosecution Exhibit 20 is a photographic enlargement which compares the similarities between Prosecution Exhibits 11 and

---

1. The facts of this case are detailed in *United* *States v. Powis*, 8 M.J. 809 (NCMR 1980).

19. Prosecution Exhibit 11, a fingerprint taken from appellant, and Prosecution Exhibit 19, a fingerprint lifted from certain incriminating evidence which was introduced at trial, are included within the record of trial. Furthermore, the testimony of Agent Hoag describes in detail the comparisons found in Prosecution Exhibit 20. (R. 122–24, 125–28). Prosecution Exhibit 20 was certified as a true description by trial counsel.

 Paragraph 82*b*(1), *Manual for Courts-Martial, 1969 (Rev.),* in implementing Article 54, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 854 requires that with exceptions not here pertinent, the record of trial of a general court-martial shall be "separate and complete" as well as "verbatim". *United States v. McCullah,* 11 M.J. 234, 236 (CMA 1981); JAGMAN § 0120a. A punitive discharge cannot be awarded if the record is not verbatim, *United States v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974), nor can the accused receive a sentence greater than that which could have been adjudged by a special court-martial not empowered to impose a bad-conduct discharge. *See, e. g., United States v. Thompson,* 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973). When the record is nonverbatim a presumption of prejudice to the accused arises, *United States v. Gray,* 7 M.J. 296 (CMA 1979), "and since it is the Government which is charged with the responsibility for the preparation of the verbatim transcript, the burden of rebutting that presumption rests with the Government." *Id.* at 298. *See also United States v. McCullah, supra.* However, insubstantial omissions from a record of trial do not affect its characterization as verbatim and complete. *United States v. McCullah, supra* at 236–37; *United States v. Gray, supra* at 297.

The record of trial is both complete and verbatim in this case because the record description substituted for the enlarged photographs of Prosecution Exhibits 11 and 19 represented in Prosecution Exhibit 20 results in no substantial omission. The photographs depicted in Prosecution Exhibit 20 are readily ascertainable from its descrip-

tive language, coupled with the inclusion in the record of the original photographs, Prosecution Exhibit 11 and Prosecution Exhibit 19, and the complete testimony of Agent Hoag. This descriptive substitution results in no prejudice to appellant for the record is sufficiently complete to permit reviewing agencies to determine with reasonable certainty the substance of the exhibit utilized in connection with the testimony of Agent Hoag. *See United States v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). We previously applied this rationale in *United States v. Baker,* No. 78 0050 (NCMR 20 February 1979), under facts similar to those found in the instant case, when a photograph of real evidence was substituted with a word description in the exhibit portion of the record of trial. As further stated by the Court of Military Appeals in *United States v. Nelson, supra* at 486, 13 C.M.R. at 42, and reiterated by us in *United States v. Baker, supra:*

> [T]he purpose of an appeal is to obtain a decision of the appellate tribunal on error claimed to have been committed in the forums below. If the transcript is sufficiently complete to present all material evidence bearing on all issues, minimal standards have been met and we will not reverse.

Any other application of the rule requiring a verbatim transcript would "transform a common-sense provision into an impossible requirement," and "would be stressing minutia over substance and departing from the obvious intent of Congress as expressed in Article 59(a) of the Code," *United States v. Nelson, supra* at 485–86, 13 C.M.R. at 41–42, which provides that "[a] finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a). *See also United States v. Nelson, supra* at 485–86, 13 C.M.R. at 41–42.

## VII

Appellant's assertion that the rule established in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 75 (1974), is appli-

cable to his case is correct. His further assertion that the rule was not complied with, however, is without merit.

■ *Dunlap*'s presumption that "a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial", *Id.* at 138, 48 C.M.R. at 754, was replaced with the test for prejudice in effect prior to *Dunlap* by the Court in *United States v. Banks*, 7 M.J. 92 (CMA 1979). The *Dunlap* rule, however, remains applicable to cases tried before 18 June 1979, the date of the *Banks* decision, even if the convening authority's action was accomplished after that date. *See, e. g., United States v. Johnson*, 10 M.J. 213 (CMA 1981); *United States v. Banks, supra* at 94.

Appellant was placed in post-trial confinement on 5 April 1978 and the convening authority's action was accomplished on 3 July 1978. Thus, *Dunlap*'s applicability is clear for both these events occurred prior to 18 June 1979, the date *Banks* was decided. The above dates, however, also indicate that *Dunlap* was complied with because the convening authority's action was taken within 90 days after appellant was placed in post-trial confinement.

■ This case was remanded for a new staff judge advocate's review and convening authority's action by this Court's order of 15 February 1980. *See United States v. Powis*, 8 M.J. 809 (NCMR 1980). The convening authority's action directed by our order was not accomplished until 23 December 1980, and appellant asserts that because this occurred more than 90 days after the remand, *Dunlap* requires that the charges against him be dismissed. *Dunlap*, however, is not applicable to such a delay at the appellate level for that holding was intended to protect an accused from unreasonable delay between the time he is placed in post-trial confinement and the date the convening authority first reviews his case. *See United States v. Green*, 4 M.J. 203, 204 (CMA 1978).

■ Although *Dunlap* is not applicable to the delay in the instant case, we must still determine whether appellant was prejudiced by the delay within the meaning of *Banks*. Appellant asserts that he was prejudiced in that he was unable to appear before a parole board hearing which would have been held on 20 November 1980, because a valid convening authority's action, required under applicable regulations prior to such a hearing, had not yet been accomplished. The convening authority's action which resulted in suspension of appellant's remaining confinement was taken on 23 December 1980. Thus, the possibility exists that the lack of eligibility to appear before the parole board occasioned by the delayed action was detrimental to appellant in that the board could have recommended his release prior to 23 December 1980. We conclude that this is not the prejudice in relation to post-trial delay contemplated by the Court of Military Appeals in *Banks*, in view of the underlying basis for relief as postulated by that Court in *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973):

> This Court has ruled that before ordering a dismissal of the charges because of post-trial delay there must be some error in the proceedings which requires that a rehearing be held and that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings. *See United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973), and cases cited therein.

*Id.* at 445, 47 C.M.R. at 486. This basis for determining prejudice is well-established in the military justice system and continues to be consistently followed. *See United States v. Green, supra; United States v. Johnson*, 3 M.J. 143 (CMA 1977); *United States v. Burns*, 2 M.J. 78 (CMA 1976).

We find that no errors occurred in the proceedings which require a rehearing. Appellant was not thereby prejudiced by the post-trial delay. In view of the expanded

protection to service members alluded to in *Banks* as well as the important differences between pretrial and post-trial confinement, the need for inflexible application of time critical standards is diminished. We, therefore, strongly adhere to the sound pre-*Dunlap* and post-*Banks* policy of the Court of Military Appeals of declining to declare "that valid trial proceedings are invalid solely because of delays in the criminal process after trial." *United States v. Gray, supra* at 445, 47 C.M.R. at 486; *United States v. Timmons, supra* at 228, 46 C.M.R. at 228.

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge SANDERS and Judge BOHLEN concur.