554

**UNITED STATES**

v.

**James G. MORROW, 390 62 4727, Private First Class (E–2), U. S. Marine Corps.**

**81 0965.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Aug. 1980.

Decided 25 Feb. 1982.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, BOHLEN and GLADIS, JJ.

GLADIS, Judge:

At a general court-martial bench trial appellant pled and was found guilty of four specifications of larceny, one specification of housebreaking, and one specification of unauthorized absence, violations of Articles 121, 130, and 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921, 930, 886, respectively. Appellant was sentenced to fifteen months confinement at hard labor, total forfeitures, reduction to pay grade E–1, and a bad-conduct discharge. Al-

though a pretrial agreement had been negotiated, none of the sentence limiting provisions were operable. Consequently, the officer exercising general court-martial jurisdiction approved the sentence as adjudged. On 28 May 1981, the Naval Clemency and Parole Board granted a request for parole contingent upon satisfaction of SECNAVINST 5815.3D.

Appellant assigns three errors, two of which are without merit; we dismiss those two errors without discussion. The remaining assignment of error alleges that appellant was denied his rights to speedy trial. We find that, in view of appellant's demands for trial while in pretrial confinement, the delays in bringing him to trial support some remedial action short of the extreme measure of dismissal; we shall reassess the sentence.

On the night of 8 January 1980, appellant unlawfully entered a government barracks through a second story window. Once inside, he proceeded to steal some currency, a watch, a camera, and some uniform items, totaling more than $200.00 in value, from the wall lockers of fellow Marines who were away on field maneuvers. On 10 January 1980, appellant was interviewed by a Criminal Investigation Division (CID) agent and confessed to the offense. From 26 March to 24 April 1980, and between 30 April and 14 May 1980, appellant was an unauthorized absentee. From 14 May 1980 to 8 August 1980 appellant was placed in pretrial confinement.

Appellant moved to dismiss the charges prior to his pleas on the grounds that he had been denied his constitutional and statutory rights to speedy trial. After brief litigation, the military judge expressed disapproval and dismay at the entire period of delay from confinement to release, especially the delay from confinement to the preferral of charges. The trial judge specifically found, however, that there was no malice or oppressive design on the part of

the Government and that the Government carried its burden of showing reasonably diligent movement toward trial. Appellant renews his claim on appeal.

Unfortunately, there is no stipulated chronology of events to clearly document the progress of prosecution. Certain events are, however, clearly substantiated by the record of trial. The following events and dates are a summation of the uncontroverted submissions of the Government and appellant:

| | |
|---|---|
| 14 May 1980 | Pretrial confinement (PTC). |
| 22 May 1980 | Individual military counsel (IMC) request. |
| 23 May 1980 | Request for speedy trial. |
| 29 May 1980 | IMC request approved. |
| 5 June 1980 | Staff Judge Advocate letter requesting continued PTC. |
| 6 June 1980 | Commanding Officer's letter regarding the delay in charges. |
| 18 June 1980 | Charges preferred. |
| 19 June 1980 | Charges sworn. |
| 22 June 1980 | CID agent who took appellant's confession notifies the Government that his student status in Indiana prevents his appearance at the pretrial investigation; an affidavit of his testimony is forwarded. |
| 25 June 1980 | Appointing order for the pretrial investigation. |
| 26 June 1980 | Pretrial investigation convened. |
| 16 July 1980 | Letter to nominate members. |
| 24 July 1980 | Speedy trial demand. |
| 28 July 1980 | Pretrial investigation report; speedy trial demand. |
| 30 July 1980 | Article 34, UCMJ, 10 U.S.C. § 834 letter; convening order. |
| 8 August 1980 | Article 39(a), UCMJ, 10 U.S.C. § 839(a), session; appellant released from PTC. |

Total confinement equals eighty-six days.

■ Where the period of pretrial confinement does not trigger an application of the 90 day *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), presumption,[1] and appellant has submitted timely requests for speedy trial, delays from the demand for trial forward are subject to close scrutiny and must be abundantly justified. *United States v. Burton*,

1. For offenses occurring after 17 December 1971, in the absence of a defense request for a continuance, a presumption will exist that the accused has been denied a speedy trial in violation of Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, when his pretrial confinement exceeds 90 days. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

*supra,* at 118, 44 C.M.R. at 171. The Government must respond to the request for trial and either proceed immediately or show adequate cause for further delay. A failure to respond to a request for a prompt trial or to order such a trial may justify extraordinary relief. *Id.*[2] Where there is no demand for speedy trial, the Government must prove that it has proceeded with reasonable diligence, without deliberate oppression of appellant or lack of concern for the requirement of expeditious prosecution. *United States v. Hagler,* 7 M.J. 944 (N.C.M.R.1979).

■ It is apparent from the record, however, that appellant demanded trial on three separate occasions. It is equally clear that after his initial demand for trial, nearly 80 days passed before appellant was arraigned and released from confinement. Consequently, the delays from 23 May 1980 to 8 August 1980, must be subjected to close scrutiny. Mere diligence is not sufficient. *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). Assessment of government diligence under either standard still requires an examination of at least four factors of trial delay: (a) the length of the delay; (b) the specific prejudice to the accused; (c) the reasons for the delay; and (d), any demand for speedy trial. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *See United States v. Wager,* 10 M.J. 546 (N.C.M.R.1980).

■ Applying the *Barker v. Wingo* factors to the present case, the length of confinement, or delay, equalled 86 days. The record does not, however, show any specific prejudice to the accused which could affect either the preparation or presentation of his case. Government asserts that the delay in this case was caused by appellant's unauthorized absences, the unavailability of the CID agent for pretrial investigation, the difficulty in locating the victims of the larcenies, and problems co-ordinating the pretrial investigation with administrative requirements of securing a properly constituted court and place for trial. Appellant had

three requests for speedy trial which generated no response or explanation of delay from the Government.

In light of the serious nature of the offenses and appellant's propensity to absent himself, the period of confinement is justifiable. That period of confinement, under those circumstances, is not so flagrant as to evince any oppression or disregard for expeditious prosecution. Lack of specific prejudice also weighs heavily in the Government's favor. The reasons offered for delay are not, in light of three separate requests for speedy trial, an adequate explanation to account for the period of waiting.

The case here was not so complex as to require extensive investigation. There were few witnesses, the most important being a CID agent who witnessed appellant's confession. While availability of witnesses may be a factor which mitigates government delay in extreme circumstances, *see United States v. Johnson,* 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974); *United States v. Getty,* 49 C.M.R. 79 (N.C.M.R. 1974), those extreme circumstances do not exist here. Appellant's unauthorized absence could have practically delayed prosecution for only the period of time necessary to draft additional charges. *See United States v. O'Brien,* 22 U.S.C.M.A. 557, 48 C.M.R. 42 (1973). Administrative delays must be exceptional in order to meet the strict scrutiny imposed on government delays. *See United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

This Court clearly understands the difficulties and disruptions which often interfere with the speedy dispensation of justice. Appellant's unauthorized absences, operational demands and witness availability are factors to consider, but under the strict scrutiny required by several timely and sincere demands for trial, these factors do not adequately explain the reasons for the entire delay. Looking at the total circumstances and all the factors enunciated in *Barker v. Wingo, supra,* we do not believe

2. The present case is concerned with this "often forgotten or ignored" second prong of *United States v. Burton. See United States v. Johnson,* 1 M.J. 101, 105 (C.M.A.1975).

that the conduct of the Government reflected lack of due diligence, oppressive design or disregard for expeditious prosecution; however, the second prong of *United States v. Burton, supra,* requiring adequate explanation of delays in the face of proper demands for trial, has not been met. *See United States v. Johnson,* 1 M.J. 101 (C.M.A.1973).

We must now determine an appropriate remedy. Unlike the 90 day rule, the second facet of *United States v. Burton* does not specify a remedy. *United States v. Johnson, supra,* at 106. We must look to surrounding facts and circumstances, such as the Government's diligence, the totality of the delay, the seriousness of the offense, and the conduct of appellant. *See United States v. Gordon,* 2 M.J. 517, 520 (A.C.M.R. 1976); *United States v. Terry,* 2 M.J. 915, 918 (A.C.M.R.1976).

The conduct of the Government is not so flagrant as to require the extreme remedy of dismissal. Government's lack of diligence, while not adequately explained, does not rise to a level of oppressiveness, nor does it cause appellant prejudice in his de-fense. The offense of stealing from one's fellow serviceman is extremely serious. Appellant's unauthorized absences indicated a need for pretrial confinement. All these facts weigh against dismissal of the charges, but the inadequate explanation of government delay in the face of three separate demands for speedy trial merits some relief. Therefore, we shall reassess the sentence.

Accordingly, the findings of guilty and only so much of the sentence as provides for a bad-conduct discharge, 15 months confinement at hard labor, forfeiture of $250.00 pay per month for 15 months and reduction to pay grade E-1 are approved.

Chief Judge CEDARBURG and Judge BOHLEN concur.