UNITED STATES

v.

**Roy D. WILLIAMS, 201 50 7067, Mess Management Specialist Seaman Recruit [E–1], U. S. Navy.**

**NMCM 82 0172.**

U. S. Navy-Marine Corps Court of Military Review.

30 Nov. 1982.

MAJ Joseph M. Poirier, USMC, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before SANDERS, Senior Judge and BOHLEN and MICHAEL, JJ.

MICHAEL, Judge:

Appellant, pursuant to mixed pleas, was convicted by a special court-martial, military judge alone, of one violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, two violations each of Articles 86 and 90, UCMJ, 10 U.S.C. §§ 886 and 890, and three violations of Article 91, UCMJ, 10 U.S.C. § 891. Appellant was sentenced to confinement at hard labor for one month, forfeitures of $150 pay per month for three months, and a bad-conduct discharge. The convening authority approved the findings and sentence as adjudged. The supervisory authority approved the findings and sentence except, upon reassessment, forfeitures in excess of $150 pay per month for one month. Reassessment was considered appropriate in order to prevent appellant from being prejudiced by certain omissions contained in prosecution documents introduced during the presentencing phase of the trial.

Four assignments of error have been submitted for consideration by this Court. The issues raised by Assignments of Error I and IV merit discussion. The remaining assignments are summarily dismissed.

I

In his first assignment of error, appellant contends that he was denied his Article 10, UCMJ, 10 U.S.C. § 810 right to a speedy trial. We disagree.

Appellant was placed in pretrial confinement on 12 August 1980 for offenses allegedly committed from 9 August 1980 to 12 August 1980 while attached to USS MOUNT WHITNEY (LCC–20). He remained in continuous confinement until 4 November 1980, the date of trial. Charges were preferred on 14 August 1980 and referred to trial by special court-martial on 4 September 1980. Appellant demanded a speedy trial on 30 September 1980, while USS MOUNT WHITNEY was deployed. The following day, trial counsel submitted to the military judge a Pretrial Information Report proposing 4 and 5 November 1980 as possible dates for docketing appellant's case for trial. USS MOUNT WHITNEY, with several witnesses aboard, was anticipated to return from deployment on 1 November 1980. The case was docketed for 4 and 5 November 1980, with trial being held on 4 November 1980.

■ The above chronology of events reflects that pretrial confinement pertaining to the instant offenses totaled 85 days, with 35 days elapsing from the date appellant demanded speedy trial. The period of pretrial confinement, being only 85 days, does not reach the well-established 90-day presumption set forth in *United States v. Burton,* 21 USCMA 112, 44 C.M.R. 166 (1971). *See also United States v. Marshall,* 22 USCMA 431, 47 C.M.R. 409 (1973). However, appellant's demand for a speedy trial triggers the second prong of *United States v. Burton, supra,* which requires the Government, upon receipt of a defense request for a speedy disposition of the charges, to respond to the request and either proceed immediately toward trial or show adequate cause for any further delay. *United States v. Burton, supra. See also United States v. Zammit,* 14 M.J. 554 (NMCMR 1982); *United ed States v. Morrow,* 13 M.J. 554 (NMCMR 1982). After an accused has submitted such a demand for a speedy trial, subsequent delay in bringing the accused to trial must be closely scrutinized to determine whether the Government was diligent in bringing the case to trial. *United States v. Johnson,* 1 M.J. 101 (CMA 1975); *United States v. Zammit, supra; United States v. Tarver,* 2 M.J. 1176 (NCMR 1975). A failure on the part of the Government to respond to the demand may entitle the accused to receive extraordinary relief. *E.g., United States v. Burton, supra; United States v. Tarver, supra.*

■ In order to assess the Government's diligence in bringing a case to trial, we must examine several factors including the complexities of the case, the length of the delay, the reasons for the delay, and any specific prejudice suffered by the accused. *See generally Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Morrow, supra.* While ap-

pellant was charged with numerous offenses, they were all relatively minor in nature and involved no complex issues which would justify a lengthy period of pretrial preparation. However, even though a 35-day delay after an accused has demanded a speedy trial may be inordinate unless reasonably explained,[1] we are satisfied by the explanation offered by the Government. Furthermore, the delay did not prejudice appellant, contrary to his claim that the continued confinement prevented him from securing several witnesses recognizable to him only by face. We agree with the military judge's ruling that such an assertion is "too attenuated and speculative." (R. 42).

 Administrative delays subsequent to a demand by an accused for a speedy trial *where total pretrial confinement is less than 90 days* may provide an adequate justification for the delay under close scrutiny even though such delays are generally not considered extraordinary circumstances. *United States v. Zammit, supra.* *Contra, United States v. Morrow, supra.* In the instant case, however, the post-demand delay was not caused by administrative problems but was instead the result of the deployment of appellant's ship, rendering several witnesses aboard unavailable for trial at an earlier date. While the nonavailability of the witnesses aboard the deployed ship may not have constituted an extreme circumstance necessary to justify post-demand delay where total pretrial confinement also triggers the first prong of *United States v. Burton, supra,* it provided a reasonable explanation of the delay under the facts and circumstances of the instant case wherein only the second prong is involved. State-

ments in *United States v. Morrow, supra* at 556, suggesting a different result appear to rely unduly upon decisions in which the accused was confined prior to trial in excess of 90 days. *Cf. United States v. Zammit, supra.*

Furthermore, after receipt of appellant's demand for a speedy trial, trial counsel immediately proceeded the following day to arrange for a trial date subsequent to the anticipated return of appellant's ship. This was clearly sufficient in response to the demand as required by *United States v. Burton, supra.* *United States v. Zammit, supra,* at 559.[2] Accordingly, we find that appellant was afforded a speedy trial.

## IV

 Appellant summarily asserts in the fourth error assigned that he was denied his right to speedy review. This assertion is predicated upon an unexplained delay of 302 days between the date of trial on 4 November 1980 until the officer exercising general court-martial jurisdiction accomplished his action on 2 September 1981. The Government offers no explanation for the post-trial delay nor does appellant assert that because of the delay he suffered any prejudice. We agree with appellant that the unexplained delay was excessive, but, under the circumstances of this case as contained in the record of trial, we decline to provide relief.

 The Court of Military Appeals, in *United States v. Banks,* 7 M.J. 92 (CMA 1979), overruled the inflexible 90-day presumption of *Dunlap v. Convening Authority,* 23 USCMA 135, 48 C.M.R. 751 (1974),

---

1. We note that in *United States v. Morrow, supra,* wherein the appellant was granted relief for the denial of his right to a speedy trial, nearly 90 days elapsed—along with two subsequent demands for a speedy trial—between his initial demand and his release from confinement. *See id.* at 556.

2. Our decision is in complete accord with *United States v. Rowsey,* 14 M.J. 151 (CMA 1982), a recent case likewise involving a situation where an accused demanded a speedy trial under circumstances where the 90-day presumption of

*United States v. Burton, supra,* was not reached. Contrary to the instant case, however, the government in that case failed to respond to two demands for speedy trial and "government handling of appellant's case before trial evince[d] little sensitivity to codal and judicial directives for speedy trial" and "the record manifest[ed] no evidence of government diligence." *United States v. Rowsey, supra* at 152–53. Here, the Government responded to the speedy trial demand and proceeded toward trial with due diligence.

and held that post-trial delay in the initial review of an accused's case would not warrant the dismissal of the charges unless the accused suffered prejudice because of the delay. Prejudice within the meaning of *United States v. Banks, supra,* occurs when a lengthy post-trial delay prevents an accused from adequately presenting his case in a rehearing required by error in the original proceedings. *E.g., United States v. Gray* 22 USCMA 443, 445, 47 C.M.R. 484, 486 (1973); *United States v. Timmons,* 22 USCMA 226, 228, 46 C.M.R. 226, 228 (1973); *United States v. Powis,* 12 M.J. 691, 694 (NMCMR 1981). This basis for determining prejudice has been consistently followed by the Court of Military Appeals and this Court, *see generally United States v. Powis, supra* at 694, and the cases cited therein; *United States v. Gauvin,* 12 M.J. 610, 613 (NMCMR 1981), and the cases cited therein, apparently adhering to an understandable policy of reluctance in declaring "that valid trial proceedings are invalid solely because of delays in the criminal process after trial." *United States v. Gray, supra* at 445, 47 C.M.R. at 486; *United States v. Timmons, supra* at 228, 46 C.M.R. at 228; *United States v. Powis, supra* at 695.

Despite warnings from the Court of Military Appeals and this Court that such unexplained delays are unreasonable and inexcusable and may result in the reinstatement of a rigid *Dunlap* -type presumption of prejudice, the frequency of cases involving inordinate post-trial delay has remained a continuous problem. *See United States v. Johnson,* 10 M.J. 213, 218 (CMA 1981) (Everett, C.J., concurring in the result); *United States v. Sutton,* 12 M.J. 629, 631 (NMCMR 1981) (Michael, J., concurring). As was observed in *United States v. Sutton, supra* at 631:

> *Banks* does not confer on reviewing authorities a license for undue delay in the disposition of courts-martial, even where prejudice to the appellant does not exist. Delay such as in this case [321 days] is the stuff out of which inflexible rules have been made—and could be made in the future.

In response to the recurring incidence of unreasonable post-trial delay, the Court of Military Appeals has recently expanded the concept of prejudice under *United States v. Banks, supra,* to include any infringement upon an accused's success in obtaining civilian employment. *United States v. Clevidence,* 14 M.J. 17 (CMA 1982). Such prejudice, in order to "halt the erosion in prompt post-trial review of courts-martial...," warranted dismissal of all charges. *Id.* at 19. *See also United States v. Gentry,* 14 M.J. 209 (CMA 1982) (summary disposition).

Appellant, however, has not alleged prejudice—nor do we find prejudice—in the instant case. We decline, therefore, to grant the requested relief.[3] Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge SANDERS and Judge BOHLEN concur.

---

**3.** *Cf. United States v. Quarles,* 11 M.J. 625 (CGCMR 1981); *United States v. DeLello,* 8

M.J. 777 (AFCMR 1980).