**UNITED STATES, Appellee,**

v.

**Private First Class James G. MORROW,
U.S. Marine Corps, Appellant.**

No. 44,038.

NMCM 81 0965.

U.S. Court of Military Appeals.

Oct. 3, 1983.

For Appellant: *Lieutenant Commander Georgia L. Winstead*, JAGC, USNR (argued).

For Appellee: *Lieutenant Michael P. Cogswell*, JAGC, USNR (argued); *Commander W.J. Hughes*, JAGC, USN (on brief).

*Opinion of the Court*

PER CURIAM:

Prior to his ultimate conviction at a general court-martial,* appellant spent 86 days in pretrial confinement. At trial a motion to dismiss the charges due to denial of speedy trial was denied. The intermediate court, examining this denial, ruled that while the Government's conduct did not amount to "lack of due diligence, oppressive design or disregard for expeditious prosecution," 13 M.J. 554, 557 (1982); nevertheless, the lack of government response or explanation for delays in face of proper defense demands amounted to a violation of *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). However, the Court of Military Review, as a remedial action, reassessed the sentence. We granted review of this decision and of an unrelated issue. 14 M.J. 230 (1982). We cannot sustain this remedy.

Apparently the court below relied on dicta in *United States v. Johnson*, 1 M.J. 101 (C.M.A.1975), to conclude that dismissal of the charges was not mandatory in order to comply with the ruling of *United States v. Burton, supra*. The facts of the instant case demonstrate passage of nearly 80 days from the first of three demands for trial and the later arraignment and release from confinement of appellant. Here the intermediate court concluded that the Government's conduct was "not so flagrant as to require the extreme remedy of dismissal," and appellant's sentence to forfeitures was reassessed. *United States v. Morrow, supra*, at 557.

---

* Appellant was found guilty of violating Articles 121, 130, and 86 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930, and 886, respectively. He was sentenced to confinement at hard labor for 15 months, to forfeit all pay and allowances, to be reduced to the grade of E–1, and to be discharged with a bad-conduct discharge, on August 18, 1980. The United States Navy-Marine Corps Court of Military Review affirmed the findings of guilty, but reassessed the sentence, approving 15 months' confinement, forfeiture of $250.00 pay per month for 15 months, reduction to E–1, and a bad-conduct discharge.

Nevertheless, the legally controlling facts of this case are nearly identical to those of *United States v. Rowsey*, 14 M.J. 151 (C.M.A.1982). These facts constitute a denial of speedy trial not falling within the *Burton* presumption, although the intermediate court here specifically avoided denominating it as such. Here, as in *United States v. Rowsey, supra*, "[f]or denial of the right to speedy trial, only dismissal is compensatory." *Id.* at 153. When the facts reveal such a denial, sentence reassessment neither adequately compensates appellant nor deters future government indifference. In light of this conclusion, we need not answer the other granted issue.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The findings and sentence are set aside. The charges are dismissed.