UNITED STATES, Appellee,

v.

George A. ROWSEY, Private, U. S. Army, Appellant.

No. 40,662.
CM 439888.

U. S. Court of Military Appeals.

Oct. 12, 1982.

For Appellant: *Captain Gary D. Gray* (argued); *Major James F. Nagle, Major Raymond C. Ruppert* (on brief); *Colonel Edward S. Adamkewicz, Jr., Captain Claudio F. Gnocchi, Michael J. Barbour,* Legal Intern.

Appellee: *Captain Richard P. Laverdure* (argued); *Colonel R. R. Boller, Major John T. Edwards, Captain Robert D. Higginbotham* (on brief); *Major Douglas P. Franklin.*

*Opinion of the Court*

FLETCHER, Judge:

At appellant's general court-martial,[1] counsel moved unsuccessfully for dismissal

---

1. Appellant was tried at Fort Stewart, Georgia, before a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of absence without leave (four

of charges and specifications on the basis of lack of speedy trial. Charges had been preferred against appellant on February 6, 1980, and additional charges on March 5, 1980. On the first of May he requested immediate disposition of charges pending against him. After the officer investigating the charges filed his report pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832, appellant, on May 16, 1980, reiterated his demand for immediate disposition of his case. He was released from pretrial confinement on May 28, 1980, after 85 days of confinement. The Government did not respond to either request for ·speedy disposition, and trial was not held until June 13, 1980.

■ Inasmuch as appellant was confined for less than 90 days, no presumption arose regarding a denial of speedy trial under *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). In its decision below, the Court of Military Review found the Government's failure to respond to appellant's requests for prompt disposition of the charges against him, either by moving swiftly to trial or by explaining its inability to do so, was a breach of its "obligation to move forward to trial with reasonable diligence in all cases." *United States v. Rowsey*, CM 439888, unpublished opinion at 2 (A.C.M.R. February 4, 1981). Holding that the Government's conduct was not "so flagrant as to require the extreme remedy of dismissal of the charges," *id.*, the court reassessed appellant's sentence by setting aside the forfeitures adjudged. Accepting that this case does not fall under the 90-day presumption of *Burton*, we observe that the lower court found that the Government failed to move forward to trial with reasonable diligence in this case. We conclude that the lower court's reassessment of sentence was not a suitable remedy for denial of appellant's right to a speedy trial.

■ The Sixth Amendment to the Constitution of the United States guarantees the criminal accused the right, among others, to a speedy trial. In the military, that right is reiterated in Article 10, UCMJ, 10 U.S.C. § 810. *United States v. Hounshell*, 7 U.S.C.M.A. 3, 6, 21 C.M.R. 129, 132 (1956). Because the right to a speedy trial is necessarily relative, depends upon the circumstances of each case, *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905), and "is a more vague concept than other procedural rights," *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972), statutes have been devised to define it in more workable terms. *See* H.R.Rep.No. 93–1508, 93d Cong., 2d Sess., *reprinted in* (1974) U.S.Code Cong. and Ad.News 7401, 7405. *See, e.g.*, 18 U.S.C. § 3161, *et seq.*; Cal.Penal Code § 1382; Ill.Rev.Stat. c. 38, § 103–5(a); Mass.Ann.Laws, c. 277, § 72; Va.Code Ann. § 19.2–243 (all setting maximum time periods in which an accused must be brought to trial).

Article 10 of the Code requires that "immediate steps ... be taken to ... try him or to dismiss the charges and release" any person "placed in arrest or confinement prior to trial." In *United States v. Burton, supra*, this Court established a presumption that an accused had been denied his right to a speedy trial in violation of Article 10 when his pretrial confinement exceeded three months [subsequently modified to 90 days by *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973)]. The remedy specified by the court for such violations was dismissal. *United States v. Burton, supra* at 118, 44 C.M.R. at 172.

■ With the exception of appellant's release from confinement after 85 days, government handling of appellant's case before trial evinces little sensitivity to codal and judicial directives for speedy trial. Appellant's abrupt release can only be attributed to the imminence of a potential viola-

specifications), willful disobedience of a superior commissioned officer, failure to obey a lawful order, and willful disobedience of a superior non-commissioned officer, in violation of Articles 86, 90, 92, and 91 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, and 891, respectively.

tion of the *Burton* 90-day rule and cannot be regarded as evidence of government diligence. Not until 51 days after appellant was confined was an officer appointed pursuant to Article 32 to investigate the charges pending against him. Although the charges in the instant prosecution were rather simple, a four-page pretrial advice was not submitted to the convening authority until sixteen days after the investigating officer had filed his report. Another sixteen days elapsed between service of charges on appellant and the date of trial. Trial counsel did not attempt to explain any of these delays or the Government's failure to respond to appellant's two demands for speedy trial. Instead, he asserted simply that "the government was always moving toward a trial date in this case" without any rational support for this conclusion. Thus, the record manifests no evidence of government diligence.

Almost 130 days elapsed from preferral of the original charges (100 from preferral of the additional charges) until trial, during 85 of which appellant was confined. Although confinement may have at first appeared necessary, factors indicating such a need were apparently changed at the time of his release, and the fact of his confinement did not perceptibly alter the Government's lethargic approach to processing his case. The offenses with which he was charged are, like those in *United States v. Johnson*, 1 M.J. 101 (C.M.A.1975), relatively minor, involving no personal injury or threat to property. Finally, appellant requested no pretrial delays and twice, through counsel, urged the Government to move forward with dispatch.

The court below evaluated these facts thusly:

> In the present case, the appellant was charged with relatively uncomplicated offenses. Nevertheless he remained in pretrial confinement for 51 days before an Article 32 investigating officer was appointed and for 84 days before his case was referred to trial. The Government has presented no explanation for the lengthy delay, and we find no satisfactory reasons set forth in the record.

> The Government has an obligation to move forward to trial with reasonable diligence in all cases. *United States v. Johnson*, 1 M.J. 101 (C.M.A.1975). It is obvious that this standard was not met in the instant case despite two specific requests for speedy disposition. In addition to the overall delay in the processing of this case, we are concerned that the record does not reflect any discernible impact that the demands for speedy disposition had on the processing of the case. However, we do not find the conduct of the Government to be so flagrant as to require the extreme remedy of dismissal of the charges. *See Burton* and *Johnson*, both *supra*; *United States v. Terry*, 2 M.J. 915 (A.C.M.R.1976); *United States v. Herrington*, 2 M.J. 807 (A.C.M.R.1976); *United States v. Gordon*, 2 M.J. 517 (A.C. M.R.1976).

*United States v. Rowsey, supra* at 2. (Footnote omitted).

Thus, we are confronted with a denial of the right to speedy trial, determined by the lower court, which does not fall within the *Burton* presumption. Government counsel urges that a remedy more flexible than dismissal is needed. For denial of the right to speedy trial, only dismissal is compensatory. We cannot agree that sentence reassessment can adequately compensate an appellant and deter future government indifference where a proper appellate court has found a denial of the right to speedy trial.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The charges are dismissed.

Chief Judge EVERETT concurs.

COOK, Judge (concurring):

The right to a speedy trial is difficult to define in terms of a specified period of time. The facts as found by the decision of the United States Army Court of Military

**154**

Review * indicate that the accused would prevail on at least two of the "four ... factors" identified in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), "which courts should assess in determining whether a particular defendant has been deprived of his right." Those "four ... factors [are]: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192 (footnote omitted). Under such circumstances, I agree that "the unsatisfactorily severe remedy of dismissal ... is the only possible remedy." *Id.* at 522, 92 S.Ct. at 2188.

* I note that the accused signed a pretrial agreement limiting the punishment which could be approved by the convening authority in consideration of the acceptance of his proffered pleas of guilty on 11 June 1980, two days before the commencement of trial. The effect of the negotiation of this agreement on the delays experienced in bringing the accused to trial are nowhere set forth in the record or the decision of the Army Court of Military Review. Hence, I assume they were not of decisional import.