## UNITED STATES

### v.

### Airman Frederick W. PURDY, FR 379–76–6365 United States Air Force.

### ACM S25743.

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 April 1982.

Decided 2 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

In a special court-martial consisting of a military judge with members, the accused was found guilty, contrary to his pleas, of larceny. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 60 days, forfeiture of $367.00 per month for two months, and reduction to airman basic.

On appeal, the accused contends, among other things, that the delay between the date of trial and the supervisory authority's action was excessive and resulted in prejudice. We find that the delay did not result in prejudice to the accused; however, we do note with great concern that the action of the officer exercising general court-martial jurisdiction was not taken until 1 October 1982, a full 167 days after the date of trial *, and there is no adequate explanation in the record of trial for this delay.

The court reporter took 60 days to complete this 158 page record of trial. This time is long enough, but the delay is more aggravated because during this period the court reporter: took an administrative demotion board; typed two administrative discharge boards; and took an Article 32, U.C.M.J. investigation. We question the propriety of elevating administrative boards and Article 32 investigations over completing records of trial by courts-martial.

There is no real effort made on the record to explain the delay after the transcript was typed and assembled. It is claimed by the government: (1) that the accused was on leave for 15 days and, as a result, the record of trial could not be served upon him; and (2) that the review process required action by two headquarters which were geographically separated. Neither of these excuses satisfactorily explains the delay. First, the accused's counsel was served with the record on 22 June 1982, whereas the accused reportedly went on leave on 1 July 1982. In addition, we are unaware of any requirement that the action of the special court-martial convening authority must

---

* Note: Chronology
  16 April—date of trial
  16 June—record completed by court reporter
  22 June—defense counsel served with record
  29 June—military judge authenticates record
  16 July—accused receives record
  —action by special court-martial convening authority
  10 August—record received by supervisory authority
  15 September—review by the Staff Judge Advocate
  20 September—review received by defense counsel
  24 September—*Goode* response (undated) received
  30 September—addendum to review
  1 October—action by supervisory authority

await the accused's receipt of the record of trial. Second, the geographic separation of special and general court-martial convening authorities is a normal situation, and in no way justifies the delay occasioned in this case. Even if we were to allow some time credit for these two factors, the cumulative 167 days is unacceptable.

It is academic that there can be no unreasonable delay in the processing of courts-martial, both in the pretrial and post-trial stages. *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971); *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). An historical problem of inordinate and unexplained delays in processing cases after trial led to an inelastic rule that there was a presumption of prejudice if an accused was in confinement and the convening authority did not take action within 90 days of trial. This became known as the *Dunlap Rule. Dunlap v. Convening Authority, supra; United States v. Banks,* 7 M.J. 92 (C.M.A. 1979). The Court of Military Appeals later relaxed this inflexible standard by requiring that all delays be tested for prejudice, and the 90-day presumption of prejudice would no longer apply. *United States v. Banks, supra.*

The fact that an accused is no longer in confinement does not deprive him of his right to have his case reviewed and action taken within a reasonable time. *United States v. DeLello,* 8 M.J. 777 (A.F.C. M.R.1980). The Court of Military Appeals has warned that if unexplained delays continue it may resurrect the *Dunlap Rule. United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982). It behooves this Court, therefore, to scrutinize delays in all cases, including this one, to determine whether or not prejudice exists.

We find that the 167-day delay is inordinate and not satisfactorily explained. We further find, on the facts of the present case, that the delay did not result in prejudice to the accused. The accused was no longer in confinement, having been released within 60 days of trial, and he had already secured employment with his father, at a substantial salary.

 Regardless of our findings in this case, this court commends to personnel responsible for processing court-martial cases at all levels to give their total attention to the expeditious processing of court-martial cases. Failure to do so could result in this court disapproving findings and sentences in cases wherein the stated policy relating to timeliness of military justice actions is violated.

We have considered the remaining assignments of error and decide them adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.