UNITED STATES

v.

**Airman First Class James D. MUNKUS, FR 427–29–9500 United States Air Force.**

**ACM 23715.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Sept. 1982.

Decided 13 April 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

Before a general court-martial consisting of a military judge sitting alone, the accused was convicted, in accordance with his pleas, of larceny of a trailer and eight motorcycles, and unlawful entry. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 24 months, forfeiture of $367.00 per month for 24 months and reduction to airman basic. The accused was given credit for 20 days of illegal pretrial confinement by the military judge because the pretrial confinement hearing was conducted by the staff judge advocate. *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982)

On appeal, the accused contends that the military judge erred in denying a motion to dismiss for lack of a speedy trial. We agree.

At trial, the accused moved to dismiss the charges because his right to a speedy trial had been denied, pointing out that he was not tried until 140 days after he had been placed in pre-trial confinement.[1] He claimed that in the intervening period of time, his defense counsel was reassigned and he was forced to secure the services of another attorney, and his commander and supervisor likewise departed the overseas area. After taking evidence on this issue, the military judge found: the delay was not warranted or justified; the Article 32 investigation was subordinated to the everyday workload of the base legal office; the accused suffered no specific prejudice and there was no deliberate design to oppress the accused. The military judge then denied the motion to dismiss.

The Article 32 Investigating Officer was called by the prosecution and testified regarding the delay between the date of his appointment (27 April) and the date of the forwarding of the report of investigation to the general court-martial convening authority (16 July). He stated that on 7 May he convened the investigation and attempted

---

1. The Chronology Reveals The Following Significant Events:

12 March—Earliest offense committed by accused

24 March—Latest offense committed by the accused

27 March—Accused arrested by Belgian police and incarcerated

23 April—Accused released and confined by U.S. authorities

24 April—Pretrial confinement hearing
Charges preferred

27 April—Investigating Officer appointed under Art. 32, U.C.M.J.

7 May—Art. 32 convened but adjourned because of defense objection to an uncertified translation
Accused requested release from confinement

11 May—Accused requested speedy disposition and release from confinement

12 May—Accused released from pretrial confinement but restricted

17 May—Art. 32 reconvened and closed

1 July—Art. 32 report completed

6 July—Accused requested speedy disposition

16 July—Charges forwarded to the general court-martial convening authority
Accused released from restriction

23 August—Charges referred to trial

9 September—Trial date

to consider a translation of a Belgian police report; however, an objection was raised by the defense because the translation had not been properly certified. After securing a proper translation, he reconvened on 17 May and closed the investigation immediately thereafter. No witnesses were called and the only evidence he considered was that translated police report. He delayed writing his report because he had heard that there might be additional charges. The base legal office was short one attorney and the workload had to be spread out among the remaining five attorneys. As the chief of military justice, he was busy advising investigative agencies on cases, and commanders on nonjudicial punishment actions. During the interim period, he went on temporary duty to a geographically separated unit and participated in a local exercise. Finally, he was constantly being assigned projects by the staff judge advocate which were given priority over the Article 32 investigation. No other explanation was offered by the Government to justify the delays in this case.

■ A system which has no provision for bail must have sufficient procedural safeguards to assure that an accused is speedily tried to minimize the impact of pre-trial confinement. *United States v. Heard*, 3 M.J. 14 (C.M.A.1977). Article 10, U.C.M.J., 10 U.S.C. § 810, provides the statutory basis for the right to a speedy disposition of charges in the military justice system. It provides:

... When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.

It has been held that the provisions of Article 10 are more protective than the Sixth Amendment right to a speedy trial. *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). They are, however, more restrictive in one sense because Article 10 applies only after an accused has been placed in arrest or confinement. *United States v. Nelson*, 5 M.J. 189 (C.M.A. 1976). Restriction to specified limits may be such as to raise a speedy trial issue under Article 10. *United States v. Powell*, 2 M.J. 6 (C.M.A.1976). A combination of pretrial confinement and restriction requires the Government to exercise reasonable diligence in bringing the accused to trial. *United States v. Dunnings*, 1 M.J. 516 (A.F. C.M.R.1975).

■ Once raised at trial, the speedy trial issue is preserved on appeal even though the accused pleads guilty. *United States v. Sloan*, 48 C.M.R. 211 (C.M.A.1974). Whenever the accused raises the speedy trial issue, the burden is upon the Government to prove that the delay was not unreasonable. M.C.M., 1969 (Rev.), para. 68 *i*. The Government must demonstrate that truly extraordinary circumstances beyond normal problems such as manpower shortages, illness and leave contributed to the delay. *United States v. Marshall, supra.*

■ It is noted that the accused was arrested by Belgian police and confined by Belgian authorities on 27 March. This confinement does not trigger the provisions of Article 10 because the Government is not accountable for the period served in civilian pre-trial confinement. *United States v. Reed*, 2 M.J. 64 (C.M.A.1976). Although not so accountable, fairness dictates that such period be considered as a factor in reinforcing the existing requirement that court-martial cases be expeditiously processed.

■ In the case *sub judice*, the accused demanded speedy disposition of the charges on two occasions. The first was on 11 May, and the second was on 6 July. Despite these requests, the accused was not tried until 9 September. When the defense requests a speedy trial, the Government must respond and either proceed immediately to trial or show adequate cause for delay. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). After a speedy trial request, the Government must diligently bring the accused to trial, even if he is not in confinement for a 90 day period. *United States v. Johnson*, 1 M.J. 101 (C.M.A.1975). A demand for speedy trial under *Burton* must be answered by action to bring the accused expeditiously to trial. *United States v. Williams*, 12 M.J. 894 (A.C.M.R. 1982).

With this background, we examine the actions of the Government after the requests by the accused for speedy trial. After the first request for speedy trial, (11 May) the accused was shortly thereafter (12 May) released from pre-trial confinement, but immediately restricted to the base. The Art. 32 was reconvened, (17 May) but no action occurred thereafter until almost two months later (6 July) when the accused made his second request for speedy trial. It was ten days after the second request (16 July) that the Art. 32 was forwarded to the general court-martial convening authority and the accused was released from restraint.

The accused had been in foreign pre-trial confinement and military pre-trial confinement and restriction for approximately four months. He was not tried until almost two months after the date he was released. Although each request from the accused caused the degree of his restraint to be lessened, there was no showing by the Government that there was any corresponding action to expedite the processing of the case.[2]

 We find that after the accused had requested speedy disposition of the charges the Government failed to either expeditiously try the accused or adequately explain the delay.[3]

Having declared that the accused's right to speedy trial has been denied, we must adjudge the appropriate remedy therefor. Although it is claimed that the accused could be compensated for this failure by sentencing credit, the only remedy for the denial of the right to a speedy trial is dismissal of the charges. *United States v. Rowsey,* 14 M.J. 151 (C.M.A.1982).

As we stated in *United States v. Purdy,* 15 M.J. 689 (A.F.C.M.R.1983), this Court will closely scrutinize delays in court-martial cases. To reiterate: All responsible personnel (notably those in supervisory positions) must give their total attention to the expeditious and orderly processing of court-martial cases. Failure to do so could cause, as in the case *sub judice,* a dismissal of the charges. In addition, we must bring to the attention of all that Article 98, U.C. M.J., 10 U.S.C. § 898,[4] provides criminal sanctions against those responsible for such unnecessary delays.

The findings of guilty and the sentence are set aside. The charges are ordered dismissed.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.

---

2. In addition to moving forward expeditiously whenever a request for speedy disposition is made, good military justice practice would appear to dictate that the Government respond, preferably in writing, detailing the reasons for the delay and providing an estimate of when the case will be tried.

3. Although not necessary to our decision, it appears even if the accused had not made requests for speedy disposition of the charges, the result would have been the same because the period of nearly four months between con-

finement and forwarding of the Article 32 investigation was, on the facts of this case, violative of Article 10.

4. Art. 98. Noncompliance with procedural rules

Any person subject to this chapter who—
(1) is responsible for unnecessary delay in the disposition of any case of a person accused of an offense under this chapter; ... shall be punished as a court-martial may direct.