UNITED STATES

v.

**Senior Airman Addison H. BELL, FR 408–04–0096 United States Air Force. ACM 23919.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Dec. 1982.

Decided 10 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before FORAY, CANELLOS and SNYDER, Appellate Military Judges.

## DECISION

### PER CURIAM:

Before a general court-martial consisting of a military judge sitting alone, the accused was convicted, in accordance with his pleas, of use of heroin, and use and possession of marihuana, all at divers times. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year and one day, total forfeitures and reduction to airman basic.

On appeal, the accused asserts that he was denied his right to a speedy trial. We agree.

At trial, the accused moved to dismiss the charges for lack of speedy trial. He claimed that the Government unreasonably delayed the processing of his case, the result of which was that he was continued on administrative hold, not allowed to take leave outside of Turkey (the country of his assignment), and extended beyond his date of separation. A chronology of events was stipulated to by the parties[1]. In addition, we note that the accused was apprehended for the offenses on 21 December 1981; he requested a speedy trial on 28 April 1982; his date of separation was 12 October 1982; the trial convened on 14 December 1982; and the action of the convening authority was dated 28 March 1983. By considering these dates we have concluded that there was a 199 day delay between preferral of charges and trial (30 days of which was attributable to the defense); and an overall 228 day delay between the request for speedy trial and the trial date.

The military judge found, "there has been a significant delay in the processing of this case and the delay is by and large without explanation." He further found that the delay approached being "callously indifferent." However, finding no specific prejudice, he denied the motion.

Upon a motion to dismiss for lack of speedy trial, the Government has the burden of showing that the delay was not unreasonable. M.C.M.1969 (Rev.), para. 68i. The Government's accountability runs from the date of restraint or from the date of the preferral of charges, whichever is earlier. M.C.M.1969 (Rev.), para. 215e; *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). When the accused demands a speedy trial, the Government must

---

1. CHRONOLOGY – US v. BELL

| Date | Event |
| --- | --- |
| 18 January 1982 | Original OSI Investigation Opened |
| 25 February 1982 | Original OSI Investigation Closed |
| 14 April 1982 | Additional OSI Investigation Initiated |
| 1 June 1982 | Additional OSI Investigation Completed |
| 2 June 1982 | Charges preferred; Article 32 scheduled to convene; Captain Lee, DC, orally requested delay |
| 3 June 1982 | Captain Lee made a written request for delay of 30 days to obtain civilian counsel |
| 21 July 1982 | Captain Killian relieved as IO – Captain Johnson appointed as IO |
| 30 July 1982 | Captain Johnson relieved as IO – Captain Killian reappointed as IO |
| 2 August 1982 | Hearing convened and completed |
| 3 August – 2 Sep 82 | IO participated in another Article 32 investigation as IO, an administrative discharge board, four courts-martial, and three emergency FCJ cases, during this time, it was learned that SrA Annette P. Watts might testify against Bell. |
| 2 September 1982 | Watts tried by GCM |
| 10 September 1982 | SrA Watts indicated she would testify against SrA Bell at a reopened Article 32 once her attorney returned from TDY in Germany |
| 30 September 1982 | SrA Watts informed 39TACG/JA she would not testify without immunity. HQ TUSLOG/SJA informed 39TACG/JA that GCMCA would not grant immunity to Watts, IO reinitiated work on Article 32 report |
| 8 October 1982 | IO completed report |
| 19 November 1982 | SPCMCA forwarded Article 32 report to GCMCA |
| 24 November 1982 | Charges referred |

respond and either proceed immediately to trial or show adequate cause for the delay. *United States v. Burton, supra; United States v. Munkus,* 15 M.J. 1013 (A.F.C.M.R. 1983). Four factors are normally considered in a speedy trial issue. These are: the length of the delay; the reasons for the delay; whether there has been a request for speedy trial, and prejudice to the accused. The Court must balance these factors in determining whether there has been a speedy trial violation. *See generally Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

 Our review of the record of trial convinces us that the Government has failed to meet its burden of showing that the delays in this case were reasonable. We note particularly: the two month delay between the preferral of charges and the convening of the formal investigation;[2] the two month delay between the completion of that investigation and the submission of the formal report; and most notably, the six week delay between the submission of the formal report and its forwarding by the Special Court Martial Convening Authority. All of these delays were inadequately explained, and on the facts, were completely unjustified. The only explanation offered by the prosecution was, in essence, that the office of the staff judge advocate was very busy. This is not an acceptable explanation for a delay. *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973); *United States v. Munkus, supra.*

Having concluded that the accused had been denied his right to a speedy trial, we must dismiss the charges. *United States v. Rowsey,* 14 M.J. 151 (C.M.A.1982).

Accordingly, the findings of guilty and the sentence are set aside. The charges are dismissed.

---

**2.** Article 32, Uniform Code of Military Justice,   10 U.S.C. 832.