**UNITED STATES, Appellee,**

v.

**Private First Class Andrew R. REEVES, SSN 537–80–0539, United States Army, Appellant.**

**CM 443401.**

U.S. Army Court of Military Review.

31 Jan. 1984.

Colonel R. Rex Brookshire II, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before HANSEN, COKER, and BROOKSHIRE, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

The appellant was convicted by a panel of officers contrary to his pleas of introducing marijuana into a military post, and possession, transfer, and attempted sale of the marijuana in violation of Articles 134 and 80, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 934 and 880 (1976). His adjudged sentence of a dishonorable discharge, confinement at hard labor for five years, total forfeitures, and reduction to Private E-1, was approved by the convening authority. He has alleged personally and through counsel several errors, five of which merit discussion. These errors raise issues concerning the right to a speedy trial, proper selection of the court-martial panel, argument of the prosecutor, admissibility of the appellant's statement, and adequacy of the post trial review.

■ The appellant had been in pretrial confinement for 34 days prior to his demand for a speedy trial, 8 days of which were chargeable as defense delay. During that time, charges were preferred, forwarded, investigated under Article 32, UCMJ, 10 U.S.C. § 832, and returned to the Special Court-Martial Convening Authority. The charges were forwarded to the General Court-Martial Convening Authority 6 days after the demand. A response was made to the demand, a pretrial advice was prepared, and the charges then referred to trial 17 days later. Charges were served on the appellant 4 days after referral and the trial was conducted on the 9th day thereafter. The presumption of *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971) does not arise. The defense discounted any specific prejudice to the appellant. The prosecutor offered no evidence to specifically explain the 39 day delay. Applying the standards of *United States v. Rowsey,* 14 M.J. 151 (C.M.A.1982), to the facts of this case, we find that the government did move forward to trial with reasonable diligence. The denial of the defense motion to dismiss for lack of a speedy trial was correct.

■ Each counsel exercised its peremptory challenge and of the remaining six panel members, three had been challenged for cause by the defense. The sole asserted basis of challenge was that a critical government witness had served with them as a member on other court-martial panels. From the record of the *voir dire,* we find no evidence that any of the challenged members were biased, had a closed mind, possessed special knowledge, or held an inelastic attitude. The panel members did affirmatively respond that they would not give that witness' testimony any special credibility. On individual *voir dire,* one of the challenged members specifically rejected giving the witness any special credibility and the remaining two were not questioned further on that point. The denial of the challenges was within the trial judge's discretion and we find no error or abuse of discretion in his ruling. *United States v. Harris,* 13 M.J. 288 (C.M.A.1982); *United States v. Tippit,* 9 M.J. 106 (C.M.A.1980).

■ During an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, the trial judge ruled an Article 15 inadmissible. The defense counsel in his argument on sentencing, then stated, "There has been no Article 15 introduced into evidence. The judge instructed you that that's a point to consider. Three years as a soldier. That's a point to consider." The prosecutor initiated his argument by objecting to those statements, stating, "he argued . . . there was no Article 15 in 3 years . . . the defense counsel is well aware that. . . ." On defense objection and motion, the prosecutor was forbidden from any further comment in that regard. In these comments neither counsel exercised good judgment. The prosecutor's objection was proper, but should not have been made before the members. We doubt that the comment was sufficient to alert the members to past misconduct, but in an abundance of caution we will reassess the sentence to obviate any possible prejudicial impact. As to the content of the prosecutor's argument, there was no error. In fact, it was virtually a point for point rebuttal of the defense argument and any possible error was waived by failure to ob-

**834**

ject. *United States v. Lania,* 9 M.J. 100, 104 (C.M.A.1980).

■ In his initial interrogation by police officers, the appellant requested counsel and questioning was terminated. Subsequently, he confessed to his company commander, who did not know of the previous request for counsel, and who did properly advise the appellant of his rights. We find based on the particular facts and circumstances of this case, beyond a reasonable doubt that the appellant knowingly and intelligently waived his right to counsel. *See Oregon v. Bradshaw,* —— U.S. ——, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); *United States v. Harris,* 16 M.J. 562 (A.C.M.R.1983).

■ The Staff Judge Advocate in his post-trial review erroneously summarized one witness' testimony to the effect that the appellant was a self-serving liar when that characterization had been made as to a main government witness. Defense counsel failed to submit a reply or comment to the review in accordance with *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). Accordingly, we hold that this error has been waived. *United States v. Barnes,* 3 M.J. 406 (C.M.A. 1977).

The appellant will be given administrative credit of 71 days for pretrial confinement if he is still serving confinement. *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).

The remaining allegations of error are not meritorious.

The findings of guilty are affirmed. Reassessing the sentence on the basis of possible prejudice noted and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for four years, forfeiture of all pay and allowances, and reduction to Private E–1.

Chief Judge HANSEN concurs.

Judge BROOKSHIRE did not participate in this decision.